Senator McCord, if we can meet. Please be seated. Thank you. Please call the first case of the afternoon. Number 515, 0536, George Bailie v. Workers' Compensation Comm'n. Counsel, may it proceed. May it please the Court, Counsel. My name is John McRasheed and I represent the employee Rick Bailie. We're here today for you because the Commission applied an incorrect legal standard of causation in this case. Specifically, the Commission required Mr. Bailie to not only prove causation between his condition and the work accident, but the Commission also required Mr. Bailie to disprove other possible causes of his condition. This is directly contrary to our Supreme Court's standard of causation as outlined in CISPRO. And therefore, it is our position that the Commission committed legal error in arriving at its conclusion. So you're saying that the denial of benefits in this case was not based on a failure of proof on the part of the claimant? No. That is correct, Your Honor. I believe wholeheartedly that Mr. Bailie satisfied his burden of proof through the testimony of Dr. Bruce Vest. So they didn't believe him because they said he didn't have sufficient background, didn't know about the boil, didn't know about bumping into the trailer hitch? And so they said, we don't believe him. But they don't say that, Your Honor, respectfully. They do not question Dr. Vest's credibility. They say he didn't know about a boil, he didn't know about bumping the trailer hitch. But that's why, as Assistant Commissioner Gore points out, that's totally speculative. Because the evidence of a bump in the trailer hitch, he bumped his knee on a trailer hitch before he started working, never broke the skin. There's no evidence anywhere in the record that a bump on the knee without breaking the skin can cause MRSA. So that's totally speculative. But there is evidence that relates to the boil. But the boil is another question, too. That's totally speculative. Because four days before he starts his employment, he shows a boil on his left buttock to a co-worker. That same day, he goes to his family doctor, he's diagnosed with folliculitis and cellulitis, prescribed antibiotics. And that's the last mention of a boil anywhere in the medical records. The employee's testimony, which is unrebutted, is that the boil dried up after two days, before he started work. So let's look at the evidence. Where is this alleged boil after that? It doesn't exist. The employee, the day after his accident, was seen coming out of the shower by co-worker Ty Reed. Reed testifies he saw the sprain on the right leg. He didn't see any boil. Thirteen days after the accident, when the knee had swollen up and become painful, the supervisor takes him to the occupational medicine in Tulsa. The physician's assistant at the OcMed place mentions no boil. My client returns to the Metro East, sees orthopedic surgeon Dr. Vest two days after the OcMed visit. And in Dr. Vest's records, nowhere is there mention of any boil. That's part of the problem. Why didn't the claimant tell him about the boil? Because it wasn't there. There's no evidence that it was there. None whatsoever. Keep in mind, Your Honor, Dr. Vest treated him the whole time. No mention of any boil. He was in the hospital for eight days treating with MRSA, treating for MRSA and osteomyelitis. And at no mention in any hospital records, keep in mind, open back gowns, no mention of any boil on the back. And also, ask yourself this, as pointed out by Commissioner Gore, if in fact there was a boil in the left buttock, and somehow the MRSA originates there and ends up in the right knee... It could travel. Are we denying that it could travel? Commissioner Gore points out that nowhere is there any mention of MRSA in the blood. So how did it get there? And as Dr. Vest pointed out, it's completely consistent with the scrape, that the MRSA attacks the nearest joint, the knee. Dr. Vest points out there's no other obvious signs of an open wound. There's no other obvious signs of infection. Dr. Vest pointed out the fact the incubation period between the accident and the onset of symptoms is completely consistent with the work accident. The Commission sucked these alternative theories out of their thumb. The only evidence before the Commission, and the only evidence before this court, is that the MRSA entered through the scrape in the shin. That's consistent throughout. I mean, there's no possible way that any petitioner, any injured employee in this state, can disprove every alternative theory of causation. The doctor says you herniated your disc picking up something heavy. Well, what about an auto accident that happened the day before? Who assumes an auto accident happened? That's complete speculation. That the boil was even there, and even greater speculation, that the boil somehow translated into MRSA and osteomyelitis in the opposite lower extremity, when it's not in the blood. There's no evidence whatsoever to contradict Dr. Vest's theory of causation. Vest testified that MRSA manifests itself as cellulitis. Yes. We know this man had cellulitis attached to his boil. Vest specifically testified he had no knowledge of this boil, and he had absolutely no knowledge, and he said he bases his opinion based on the history given to him by his patient. Precisely. And the petitioner testified that that boil cleared up after two days, Your Honor. So how could Dr. Vest know of a boil that didn't exist? And doesn't it strike the commission? And shouldn't it strike us as odd that nowhere, when you're in the hospital for eight days with a seriously infectious disease, that no one makes note of a boil? Because it wasn't there. I mean, the overwhelming evidence suggests that the MRSA came from the infection. That's why it attacked the nearest joint. That's why the manifestation period is exactly in line. That's why Dr. Vest testified that the surgery site was right by there, right by the site of the infection, right at the site of the infection. And more importantly, Your Honor, as a legal matter, if Respondent is going to point to a boil or some other cause, it needs legal or medical evidence of that causation. Unless, of course, the commission does not believe the only medical expert in the case. Which is what they did. I don't see that anywhere in the commission's decision, respectfully, Your Honor. They said that his opinion was not based on sufficient evidence. They discounted his opinion for that reason. But the sufficient evidence is nonexistent. That's Commissioner Boyle's point. The boil was only six days prior to the occurrence in Oklahoma. Six days. But it cleared up. He said it cleared up. But there's no evidence anywhere else in any record. Well, when you're saying there's no MRSA in his bloodstream, do you think that the instant that he has a boil and he has cellulitis, the MRSA is going to manifest itself? Is there evidence of that? Well, the manifestation period is consistent with the scrape. But, Your Honor, if the MRSA traveled from the left buttock boil to the right shin, how is it not in the bloodstream? Well, it was in the bloodstream when they took the blood test after January the 9th. It was in the knee aspirate. When Dr. Vest aspirated the knee, the aspirate came back positive. You know? Which is where from the knee. So your position is, and you keep emphasizing it, he didn't mention the boil because it cleared up. That's the only explanation. Well, and the commission found Dr. Vest's causation opinion was based on an incomplete and inaccurate history of the claimant's medical condition and treatment prior to. You say medically the boil was irrelevant because it cleared up. The commission is saying, you know, he should have mentioned it to Vest because, as you have pointed out very articulately, the expert's opinion is only as good as the underlying information upon which it's based. But the commission has to have some basis for its suggestion that this boil did exist. There's nothing in the record to support that. I keep in mind the commission also. There's nothing in the record to support that he did a boil? No, that the boil still existed at the time he saw Dr. Vest. Does it have to still exist at the time? A few days later? Well. Who decides that? You decide it's irrelevant in your mind. Dr. Vest, if the MRSA was from the boil, but why did it attack right next to where the work injury was? Is there any explanation for that? Dr. Vest gives very clear reasons to support his opinion. The scrape is right in the infection attack, the nearest joint. The surgery site is right there. No mention of any injury. All very plausible. If Dr. Vest knew about the boil, his opinion would have been the same. How do we know that? We don't because he didn't. You're assuming it's irrelevant. I'm assuming. But isn't the commission assuming that it was there? No, the commission is making the assumption that obviously he had this condition. It was close in time to the MRSA and probably should have been mentioned to the expert to base his opinion on. But the commission also said that Dr. Vest didn't know about bumping the knee on a trailer hitch. There's no evidence that it broke the skin. There's no evidence anywhere in the record that bumping oneself can cause MRSA. But the commission also pointed to that. And if, Your Honor, if the respondent wants to point to an alternative theory of causation, aren't they required to have the same burden of proof? I don't think they pointed to another causation. I think what they said was they discounted Vest's opinion. And when they did that, his case failed for want of proof. But even under a manifest way to the evidence argument, doesn't the commission's decision have to be based upon Vest? Well, here's what they said. Dr. Vest was originally provided with no history of injury on January 23, 2014. On January 27, after diagnosis of MSPA MRSA, he recorded a history of the January 8 accident only. Did not have any information about the injury when the petitioner struck his leg on the trailer. This was noted to have occurred two weeks before he saw one source, which would have placed it within days of the January 8 accident. He was not provided information about the boil on the leg or additional symptoms of congestion, cough, and sinus strains with fever. Dr. Klein diagnosed the petitioner with cellulitis and prescribed the antibiotics. Vest testified cellulitis can be a manifestation of MRSA. Then they went and said the expert's opinion is only valid as the basis he gives for it. He based his causation opinion based on a history provided with no other obvious source. He hasn't presented multiple or other possible courses, not included the basis of the causation opinion is incorrect in any accurate statement of the evidence presented concerning the potential sources of the infection. Didn't Vest say it can even come from your mouth? It can come from virtually anywhere. It can come from, it can come orally or it can come through any open wound. But your honor, does it strike you as odd at all that the commission says it is totally reasonable that Mr. Bailey did not immediately report the scrape on his shin because he didn't think it was serious. And yet, when he sees Dr. Vest, two weeks later, for knee pain, he's somehow supposed to know that his knee pain and swelling was due to a scrape on his leg. Because immediately after the diagnosis of the MRSA, Dr. Vest asked him, how did you get that scrape on your leg? He told him about the sandstone falling and scraping his leg. So, I don't know that that can be held against him that he didn't walk in and say, doctor, I had a boil that cleared up however many weeks ago. And oh, by the way, I scraped my leg. And how many things can he possibly say? I mean, he's not a doctor, but he can't, is he supposed to know all the potential causes of a condition he didn't even know he had? Well, is a boil an everyday common occurrence that you need prescriptions for? I don't know, but I do know that when you get the prescriptions, well, from the record, we know that Mr. Bailey went to his family doctor four days before he started his appointment for the boil. We know that by virtue of the records. We know he was prescribed antibiotics. We know there is no mention of a boil anywhere else in the records. He was hospitalized for eight days for MRSA, an infectious condition. And nobody notes a boil or a lesion on his left buttock. But again, if in fact, as Commissioner Gore points out, if that MRSA... My time is up. That's just a warning. Okay. If that MRSA originated in the left buttock. How? Forget the record. Just common sense. How does it travel from the left buttock to the right knee without going through the bloodstream? Well, are we supposed to take judicial notice of that or is it an element of proof that needs to be established? You asked a rhetorical question, how does it travel? That's the point. There's no medical evidence of how that happens. So how can the condition... There's a whole series of ways that it happens. It comes in through your mouth. It can come through any break in the skin. Precisely. I have a question for you that you really haven't addressed. How about our jurisdiction in this case? He was hired in the state of Illinois. No. How about our jurisdiction? This circuit court never confirmed the judgment of the commission. This circuit judge thinks that his function was to either grant or deny benefits under the act. In that case, Your Honor, I think that... In that case, your time is up. Thank you, Your Honor. Answer the question. I did notice that, Your Honor, and the best I can say is the court should have added another line affirming the commission. Thus, the court denies petitioner's claim for TTD medical expenses and prospective medical care in relation to the claim. Where did he get the idea that that's the function of the circuit court? And there's nothing in here that says we confirmed the commission's decision. He found that there was sufficient evidence to support the decision. That's as explicit as he... So should we take by implication that means that he confirmed it? I think that would be the implication I would take. That would have to be your answer. It would have to be both of your answers. Yes, otherwise... You wouldn't do it. Show him the door. Thank you, Your Honor. You have time in the box. Counsel, you may respond. Mr. Wintershe, may I please the court? My name is Matthew Rutusik, and I represent GRP Mechanical in this claim. I'm here today to ask that this court do two things. First, to find that the commission's decision is not against the manifest weight of the evidence. And second, to ask that this court find that it lacks jurisdiction to overturn the stipulation of the parties in finding that there was a credit in the amount of $2,678.88. The question here today and in the briefs has... We spend a lot of time talking about the standard of review, and it is my position and the respondent's position that the proper standard of review for this case is the manifest weight of the evidence standard. The appellate court, the Supreme Court, everyone is always consistent with the issue of causation is a question of fact for the commission. And as such, the commission's decision should not be overturned unless it is against the manifest weight of the evidence. The petitioner's attorney has presented some unique arguments in arguing that other standards of review should apply. The de novo standard may be appropriate... Forget about that. Don't waste your time. Thank you, Your Honor. With regards to the manifest weight of the evidence standard, this court's jurisdiction is that one of appellate rather than original jurisdiction. The court is required to affirm the decision of the commission so long as there is reasonable evidence... I'm sorry. So long as there is evidence in the record that supports the commission's decision. Well, actually, it's sufficient evidence, but let me ask you a pointed question. The only causation opinion in the record is Dr. Fess, correct? That is correct. Is the commission required to accept the unrebutted testimony of an expert witness? No, it is not, Your Honor. The Supreme Court recognized in Horath and the appellate court has recognized in the Sorenson decision, both of which are cited in my brief, that the commission is not required to accept the unrebutted testimony of a treating physician. And that would be the right answer. But let me ask you a follow-up question. I mean, obviously, opposing counsel is hanging his head in the fact that, you know, you have to set aside best testimony, or the commission has to disbelieve and give no weight to best on some basis. He's saying, what's the big deal? His boil healed up. It's undisputed. So the fact that it was left out, why does that render best opinion invalid? The boil is a symptom of the disease, a symptom of a skin infection, which is consistent with a MRSA infection. Now, when addressing the issue of medical causation, the commission is responsible for weighing all of the evidence in this case. And in this case, there is no direct evidence as to a cause of infection. Dr. Vest's opinion is entirely based on the presumption that there is no other obvious source of infection other than this very minor work injury. Basically, all that happened, he suffered a scrape of his leg, which broke the skin. That's all it takes, isn't it? It could be. Yes, Your Honor. MRSA could get into the skin through a break in the skin. It could get in through your mouth. Dr. Vest testified MRSA lives on people's skin. It's around us every day and every time. We could probably be tested today and find MRSA in our skin.  Doesn't mean that the MRSA found in the petitioner's knee is causally related to this accident. And more to the point, did not come from the boil. Correct. And in this case, it would have been prudent for the petitioner to provide copies of Dr. Klein's medical record to Dr. Vest. And even if he wanted to accept the petitioner's argument that this MRSA infection, the boil, had resolved on his leg prior to the initial visit with Dr. Vest, almost two weeks after the accident, so what? The skin, MRSA is, Dr. Vest admitted that the skin, I'm sorry, MRSA infection can outlast the treatment in the case. He testified the symptoms can begin to manifest themselves within a few, up to a few weeks. Correct. Which would allow that the boil is within the window provided by Dr. Vest. He also indicated that MRSA, he also testified MRSA can cause boils of sorts. Correct. So at the very least, he should have considered whether this infection was a possible cause of infection. Well, yeah, but he testified that he made, based his opinion upon what he was told by his patient. The patient clearly would understand, never told him about the boil, never told him about the bumping of the trailer. He says that MRSA could spread anywhere throughout the body and enter through any source, the mouth, travel to the leg, enter the body through a traumatic wound or an orifice like the mouth, can infect the skin, and it can manifest as cellulitis where the skin becomes red and warm. We do know that the treatment of the boil, cellulitis, was found. Yes, Your Honor. And so actually what they did was they just said, you know, we don't think there's any basis for your opinion because you didn't know all the facts. That is absolutely correct. Can I ask you a question about this credit? Sure. What's this credit for? Your Honor, there was a check paid to the petitioner. It's my understanding that the employer had offered the petitioner some money before the case became litigated and before the parties got involved. And then he generously said he'd take it out of his vacation, right? Well, he accepted the money, Your Honor. But the relevant points to this determination is it was listed on Item 9 of the stipulations for the trial. It is in your record and as stated, as recognized by both the courts and by the Commission's own rules, specifically Section 730.40, I'm sorry, 7030.40 of the Rules Governing Practice before the Illinois Workers' Compensation Commission, the completed request for hearing form signed by the parties or his counsel shall be filed with the arbitrator as a stipulation of the parties and a settlement of the question in dispute of this case. Well, interestingly enough, what's the statutory basis for this credit? The claimant says it's under A.J. That's not what the decision says. The decision says the GRP is entitled to credit of zero under A.J. What's the statutory justification for this credit? Your Honor, with all due respect, that issue cannot be presented to this court at this time. This court lacks the jurisdiction to ask that question. Why do we lack the jurisdiction to ask the question? We've got an appeal here. The issue of the credit was stipulated to at the parties. It was not preserved on appeal. The waiver binds you, not us. It doesn't bind us. As long as we have jurisdiction to hear this appeal, we have jurisdiction to decide issues. And my problem with this is they gave a credit where they had no statutory basis to award it. Once they found that he was entitled to nothing under A.J. or the GRP was, I failed to find where this credit comes from. Are there benefits? Give me a statutory basis. There is no statutory basis. It was money paid to the petitioner, claimed as credit. He was not entitled to this money under any law or provision. Which would indicate the commission had no jurisdiction to order it because it exceeded their statutory authority. You're saying the stipulation can take the place of statutory authority. Can you stipulate to our jurisdiction? The answer is obviously no. You don't even think about it. Okay. So his question is appropriate. How can you have a stipulation binding on the commission where there's no legal authority for it? That is a problem. Okay. Regardless, I believe in your argument, we haven't decided the case yet. Yes. Thank you, Your Honor. In any case, I would note that the petitioner failed to raise any question with regards to the credit on appeal to the Illinois Workers' Compensation Commission. It first came up at an issue before the circuit court. And that the failure to raise an issue before the arbitrator and the commission results in a waiver pursuant to Thomas v. Can you ever waive a jurisdictional issue? You cannot waive a jurisdictional issue, Your Honor. Can the commission ever award benefits that aren't authorized by the act? No. But here the parties did claim to a stipulation. Well, I mean, we're back to the same thing. You can't stipulate to jurisdiction. I mean... Your Honor, I would argue that this is akin to an issue of when an employee paid a salary continuation instead of TTV benefits. But TTV benefits are recoverable by credit under HA. Yes, but salary is not TTV benefits. Salary, if I was to pay an employee full salary while he is off work, that is being paid pursuant to federal taxes. And where do you get a credit? Under what section of the act? HA? There is no specific section of the act. However, there is no question regarding liability for TTV benefits because there is no lost income during that period. Your Honors, if I could step back to the issue before the case of the commission today. I'm sorry, before the appellate court is one of the manifest way to the evidence. And in this case, there is no direct evidence of causation. The petitioner relied solely on an orthopedic surgeon's testimony who based his opinion on incomplete and inaccurate information. The petitioner was aware of his treatment with Dr. Klein. Every doctor requires a patient to list medications at the time of their evaluation. He received medication following this accident. The petitioner chose to proceed to trial before Dr. Klein's records were available. But he knew about these records. He could have asked Dr. Best to comment on the record. He chose not to do so. The issue of Dr. Best's credibility is a question of facts for the commission. And given all the records as properly noted by Justice Hoffman, to find that the commission's decision is against the manifest way to the evidence would be inconsistent with the facts of the claim. Therefore, the respondent would request, I'm sorry, the appellee would request a decision finding that the commission's decision is not against the manifest way to the evidence. Thank you. Counsel, counsel may reply. I really have nothing to add, unless the court has any additional questions for me concerning anything we've discussed. I believe that the commission's decision fails as a matter of law. And I also believe the commission's decision fails. You did say in your brief that the credit was given under A.J., didn't you? I don't recall. I believe that it was. I believe I did say that. But the decision says zero under A.J. Yes. Okay. Thank you. No questions. Thank you, counsel, both. Your arguments in this matter will be taken under advisement. The witness position shall issue.